# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### SCRANTON DIVISION

| | |
|---|---|
| CHRISTINA PRUKALA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 3:19-cv-00095-MEM |
| CHASE BANK USA, N.A. And JOHN DOES 1-10 and CORPORATIONS X, Y, Z, | : Honorable Malachy E. Mannion |
| | : ELECTRONICALLY FILED |
| Defendants. | : |

## BRIEF IN SUPPORT OF MOTION OF DEFENDANT CHASE BANK USA, N.A. TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Jenny N. Perkins
Attorney No. 306498
perkinsj@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Attorneys for Defendant*
*Chase Bank USA, N.A.*

Date: February 22, 2019

**Table of Contents**

Page

I. INTRODUCTION ................................................................................................ 1
II. PROCEDURAL BACKGROUND ...................................................................... 3
III. THE ALLEGATIONS OF THE AMENDED COMPLAINT .................. 3
IV. STATEMENT OF QUESTION INVOLVED ............................................. 5
V. ARGUMENT ........................................................................................................ 5
    A. Legal Standard ........................................................................................ 5
    B. Prukala Fails to State a Claim for Violation of the FDCPA ........... 6
    C. Prukala Fails to State a Claim for Violation of the FCEUA ........ 10
VI. CONCLUSION ................................................................................................. 13

# **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Alamo v. ABC Financial Services, Inc.*,
   No. 09-5686, 2011 WL 221766 (E.D. Pa. Jan. 20, 2011) .................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................5, 6

*Aubert v. Am. Gen. Fin., Inc.*,
   137 F.3d 976 (7th Cir. 1998) ........................................................................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)......................................................................................5

*Benner v. Bank of Am, N.A.*,
   917 F. Supp. 2d 338 (E.D. Pa 2013)............................................................10

*Berk v. J.P. Morgan Chase Bank, N.A.*,
   No. 11-2715, 2011 WL 4467746 (E.D. Pa. Sept. 26, 2011)..........................8

*Boosahda v. Providence Dane, LLC*,
   No. 10-1933, 2012 WL 268345 (4th Cir. Jan. 31, 2012) ..............................6

*Day v. Wilmington Sav. Fund Soc'y FSB*,
   No. 17-2288, 2018 WL 4469326 (M.D. Pa. Sept. 18, 2018) ......................11

*In re Howe*,
   446 B.R. 153 (Bankr. E.D. Pa. 2009) ...........................................................8

*Jones v. Select Portfolio Servicing, Inc.*,
   No. 08-972, 2008 WL 1820935 (E.D. Pa. April 22, 2008) ..........................9

*Jones v. Wolpoff & Abramson, LLP*,
   No. 05-5774, 2006 WL 266102 (E.D. Pa. Jan. 31, 2006) ......................9, 10

*Kaymark v. Bank of Am, N.A.*,
   783 F.3d 168 (3d Cir. 2015) ..................................................................10, 11

*Kibbie v. BP/Citibank*,
  No. 08-1804, 2009 WL 2950365 (M.D. Pa. Sept. 9, 2009) .................................8

*Maguire v. Citicorp. Retail Servs., Inc.*,
  147 F.3d 232 (2d Cir. 1998) ...............................................................................8

*Pollice v. Nat'l Tax Funding, L.P.*,
  225 F.3d 379 (3d Cir. 2000) ........................................................................6, 7, 8

*Sprague v. Neil*,
  No. 05-1605, 2007 WL 3085604 (M.D. Pa. Oct. 19, 2007) ...............................9

*Walkup v. Santander Bank, N.A.*,
  147 F. Supp. 3d 349 (E.D. Pa. 2015) ................................................................11

**State Cases**

*Miller v. American Family Publishers*,
  663 A.2d 643 (N.J. Super. 1995) ................................................................2, 12

**Federal Statutes**

15 U.S.C. § 1692(a)(4) ...............................................................................................8

15 U.S.C. § 1692a(6) ............................................................................................7, 8

15 U.S.C. § 1692a(6)(F) ............................................................................................7

**State Statutes**

73 P.S. § 2270.2 .......................................................................................................10

73 P.S. § 2270.4(b) ..................................................................................................10

Pa. Stat. § 201-9.2 .....................................................................................................2

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ...........................................................5, 11

I.  **INTRODUCTION**

Defendant Chase Bank USA, N.A. ("Chase") filed a motion to dismiss Plaintiff Christina Prukala's ("Prukala") original complaint, thereby prompting Plaintiff to file an amended complaint ("Amended Complaint"). The Amended Complaint, however, is virtually identical to Prukala's original complaint. She asserts the same invalid causes of action against Chase on behalf of herself and on behalf of a putative class.[1] Without making any substantive changes to the factual allegations set forth in the original complaint, Prukala again claims that Chase violated Sections 1692g(a), 1692g(b), 1692e(8), and 1692e(10) of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.[2] However, Prukala's FDCPA claims fail as a matter of law because Chase is not a "debt collector" within the meaning of the Act. Moreover, Prukala fails to even allege that Chase is "debt collector", a core element of her FDCPA claims.

Prukala also recycles her claim under Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.1, *et seq.* Because FCEUA does not

---

[1]  A true and correct copy of a redline comparison of the complaint and Amended Complaint is attached hereto as Exhibit A.

[2]  Prukala attaches three exhibits to the Amended Complaint, a purported August 29, 2018 letter she sent to Chase, a purported October 29, 2018 letter she sent to Chase, and purported certified mailing receipts dated October 12, 2018 and December 7, 2018. Prukala does not explain the materiality of the exhibits in her Amended Complaint and the inclusion of the same does nothing to bolster Prukala's claims.

1

provide individuals with the right to institute private causes of action for violations, individual plaintiffs must use 73 Pa. Stat. § 201-9.2—the remedial provision of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL")—to obtain relief.

In order to state a claim under the UTPCPL, and thus the FCEUA, a plaintiff must allege ascertainable loss of money or property she would have but for the defendant's actions and plead facts to show she justifiably relied on defendant's actions to her detriment. In a thinly-veiled attempt to circumvent this well-settled law, Prukala cites to a New Jersey Superior Court decision for the proposition that "there is no determinable difference between actual loss and ascertainable loss." (Am. Compl. ¶ 49.) (citing *Miller v. American Family Publishers*, 663 A.2d 643, 655 n.10 (N.J. Super. 1995). In *Miller*, however, the meaning of "ascertainable loss" was reviewed within the context of the New Jersey Consumer Fraud Act, an entirely different statute than the one at issue here.

Despite Chase having identified these core pleading failures in its motion to dismiss the original complaint, Prukala filed a virtually identical complaint labeling it her Amended Complaint. The only logical explanation is Prukala filed the Amended Complaint in bad faith for the sole purpose of leveraging settlement of her meritless claims. Prukala, a serial plaintiff who has filed thirty civil actions in this Court alone, should not be permitted to file such frivolous actions as they

waste valuable judicial resources and the resources of those parties she sues.

The Amended Complaint should therefore be dismissed with prejudice.

## II. PROCEDURAL BACKGROUND

On December 5, 2018, Prukala filed this putative class action in the Court of Common Pleas of Lackawanna County, Pennsylvania, Case No. 18-cv-6473. In the action, Prukala brings claims under both the FDCPA and FCEUA alleging Chase reported and continues to report inaccurate and derogatory information regarding outstanding debt related to four Chase consumer accounts to credit reporting agencies. On January 15, 2019, Chase timely removed this case to federal court.

On January 25, 2019, Chase filed a motion to dismiss Prukala's original complaint on the grounds that the complaint fails to state a claim as a matter of law. Conceding the same, Prukala filed the Amended Complaint on February 8, 2019. As set forth above, the Amended Complaint is substantively identical to the original complaint.

## III. THE ALLEGATIONS OF THE AMENDED COMPLAINT

The Amended Complaint asserts violations of Sections 1692g(a), 1692g(b) an 1692e(8) of the FDCPA, 15 U.S.C. § 1692, and violations of FCEUA, 73 P.S. § 2270.1, *et seq.*, arising out of four alleged Chase consumer accounts. *See* Am. Compl. at ¶¶10-12. In the Amended Complaint, Prukala claims, in a rather

convoluted manner, Chase attempted to collect "consumer debt" from Prukala based on derogatory information placed on her consumer credit report by Chase, the result of which indicated her accounts to be delinquent. *See generally* Am. Compl. Critically, Prukala at no point specifically identifies the derogatory information placed on her credit report or describes how such information is derogatory. *See generally* Am. Compl.

Prukala also claims she sent "letter(s)" to Chase disputing the high balance on each account and requesting copies of the original contract, to which Chase provided no response. *See generally* Am. Compl. Prukala further alleges Chase continued to update the inaccurate and derogatory information about her accounts to credit reporting agencies which negatively reflected upon her, her credit repayment history, her financial responsibility and her creditworthiness. *See* Am. Compl. at ¶¶13-19.

Prukala baldly claims Chase failed to issue notifications required under Section 1692g(a) of the FDCPA, continued "collection activity" without verifying the debt in question in violation of Section 1692g(b) of the FDCPA, failed to report a credit dispute as contested in violation of Section 1692e(8) of the FDCPA, and continued collection activity without marking the relevant debt as disputed in violation of Section 1692e(10) of the FDCPA.

Prukala further claims Chase engaged in unfair or deceptive acts or practices

4

by attempting to collect her alleged debt in violation of FCEUA. More specifically, Prukala alleges Chase engaged in the following conduct:

> A. The false representation of the character, amount or legal status of any debt;
>
> B. Communicating or threatening to communicate to any person credit information which is known or should be known to be false, including the failure to communicate that a debt is disputed; and
>
> C. using false representations and deceptive means to collect or attempt to collect a debt.

Am. Compl. at ¶46. Plaintiff offers no facts to support these claims.

## IV. STATEMENT OF QUESTION INVOLVED

Should the Amended Complaint be dismissed with prejudice because Prukala has failed to plead or establish the elements of her FDCPA and FCEUA claims?

Suggested Answer: Yes.

## V. ARGUMENT

### A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges whether the complaint states a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 556 (2007)). In evaluating a motion to dismiss, the Court is not required to consider unsupported legal conclusions or legal conclusions disguised as factual allegations. *Iqbal*, 556 U.S. at 679.

### B. Prukala Fails to State a Claim for Violation of the FDCPA

The claims alleged by Prukala fail as a matter of law because Prukala cannot plead or establish the required elements of her various claims under the statute.

Congress enacted the FDCPA with the goal of eliminating abusive, deceptive or unfair debt collection practices by debt collectors. *See Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 400 (3d Cir. 2000). To state a claim for violations of the FDCPA, the plaintiff must plead facts sufficient to establish: (1) the defendant is a "debt collector" as defined by the FDCPA; and (2) the defendant has engaged in an act or omission prohibited by the FDCPA. *See Boosahda v. Providence Dane, LLC*, No. 10-1933, 2012 WL 268345, at *1 n. 3 (4th Cir. Jan. 31, 2012).

With respect to the first element, Prukala has not alleged even in the most conclusory fashion – and under no circumstances can establish – Chase is a "debt collector" within the meaning of the FDCPA. This failure to allege cannot be cured though an amendment of the complaint (as established by Prukala's own attempt at amendment), remains dispositive, and requires dismissal of the Amended Complaint.

Whether a defendant is a "debt collector" as defined by the FDCPA is a question of law. *Cf. Pollice*, 225 F.3d at 403; *Alamo v. ABC Financial Services, Inc.*, No. 09-5686, 2011 WL 221766, at *3 (E.D. Pa. Jan. 20, 2011) (whether defendant is a "debt collector" is a "question of law."). The FDCPA defines a "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion … the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6).

The FDCPA further limits the definition of "debt collector." Among other limitations, "debt collector" does ***not*** include "any person collecting or attempting to collect any debt owed or due ***to the extent such activity … (ii) concerns a debt which was originated by such person***; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person …." 15 U.S.C. § 1692a(6)(F) (emphasis added).

Given the focus of the FDCPA, as articulated by Congress, and the plain meaning of its statutory language as set forth in its definition of and exclusions to the term "debt collector," the Third Circuit has held: "[c]reditors – as opposed to

7

'debt collectors' – generally are not subject to the FDCPA." *Pollice, supra,* 225 F.3d at 403 (*citing Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998)).³ *Accord Maguire v. Citicorp. Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) ("As a general matter, creditors are not subject to the FDCPA."). Specifically, because the primary purpose of a lending institution is to lend money or credit and not to collect debts, such institutions cannot fall within the definition of a "debt collector" as defined by the FDCPA. *See Pollice*, 225 F.3d at 403; *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection … are not subject to the [FDCPA]."); *Berk v. J.P. Morgan Chase Bank, N.A.*, No. 11-2715, 2011 WL 4467746, at *4 (E.D. Pa. Sept. 26, 2011) (dismissing FDCPA claim against Chase because "the alleged debt is owed to Chase and thus Chase is the alleged creditor"); *Kibbie v. BP/Citibank*, No. 08-1804, 2009 WL 2950365, at

---

³ The FDCPA defines a "*creditor*" as:

> any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692(a)(4). "Creditor liability under the FDCPA is extremely limited: it involves collecting debts while using the name of another." *In re Howe*, 446 B.R. 153, 158 n.5 (Bankr. E.D. Pa. 2009) (*citing* 15 U.S.C. § 1692a(6)). Prukala has not, and cannot, allege any basis for "creditor liability" in this action.

8

\*\*5-6 (M.D. Pa. Sept. 9, 2009) (granting motion to dismiss FDCPA claim and holding FDCPA does not apply to businesses collecting debts on their own behalf); *Sprague v. Neil*, No. 05-1605, 2007 WL 3085604, at \*3 (M.D. Pa. Oct. 19, 2007) (dismissing FDCPA claims because "on the facts alleged, Citibank is a creditor, not a debt collector … it only attempted to collect Plaintiff's debts owed to it and never attempted to collect debts owed to a third party. In addition, Citibank's principal business is providing credit services, not debt collection."); *Jones v. Wolpoff & Abramson, LLP*, No. 05-5774, 2006 WL 266102, at \*5 (E.D. Pa. Jan. 31, 2006) ("Because MBNA is neither a debt collection business nor a creditor using a different and misleading name, MBNA is not a 'debt collector' under the FDCPA and Plaintiff's FDCPA claim against MBNA must be dismissed."). Chase does not fit within the legal definition of "debt collector" and no amendment will change that. This mandates dismissal of plaintiff's FDCPA claims with prejudice.

Further, a plaintiff seeking to state a claim for FDCPA violations must plead ***specific facts*** to establish the defendant was in fact a "debt collector" with respect to the debt at issue. A failure to plead such facts falls short of the *Iqbal/Twombly* pleading standard and must result in the dismissal of the FDCPA claim. *See Jones v. Select Portfolio Servicing, Inc.*, No. 08-972, 2008 WL 1820935, at \*7 (E.D. Pa. April 22, 2008) (dismissing FDCPA claim because plaintiff failed to plead sufficient facts and offered only "the bald legal conclusion that Defendant is a

9

'debt collector' ....").

Here, Prukala does not even attempt to allege – and cannot under any circumstances establish – Chase is a "debt collector" subject to the prohibitions of the FDCPA. This pleading deficiency cannot be cured because "courts generally do not consider debt collection to be the 'principal purpose' of a credit card company" such as Chase. *See Wolpoff & Abramson, supra,* 2006 WL 266102, at \*\*4-5. Prukala's repeated failure to plead Chase is a "debt collector" mandates dismissal of her FDCPA claims with prejudice.

### C. Prukala Fails to State a Claim for Violation of the FCEUA

The UTPCPL claim alleged by Prukala similarly fails as a matter of law because Prukala has not pleaded the required elements to state a claim thereunder.

The FCEUA establishes what is considered unfair or deceptive acts or practices with regard to the collection of debts. 73 P.S. § 2270.2. The FCEUA provides a list of actions by creditors which constitute unfair or deceptive debt collection acts. 73 P.S. § 2270.4(b). As the FCEUA does not provide individuals the right to institute private causes of action for violations of the FCEUA, individual plaintiffs must use the remedial provision of the UTPCPL to obtain relief. *Benner v. Bank of Am, N.A.*, 917 F. Supp. 2d 338, 359 (E.D. Pa 2013).

Critically, a plaintiff cannot state a claim for relief under the FCEUA if the plaintiff cannot state a claim for relief under the UTPCPL. *See Kaymark v. Bank*

*of Am, N.A.*, 783 F.3d 168, 182 (3d Cir. 2015). In order to state a claim under the UTPCPL, and in turn under the FCEUA, a plaintiff must: (1) allege an ascertainable loss by pointing to money or property she would have had but for the defendant's fraudulent actions; and (2) plead facts to support the conclusion that reliance on the defendant's action or omission was justifiable. *Walkup v. Santander Bank, N.A.*, 147 F. Supp. 3d 349, 358 (E.D. Pa. 2015). In other words, a plaintiff "must plead an ascertainable loss resulting from justifiable reliance on the defendant's conduct in order to survive a Rule 12(b)(6) motion." *Day v. Wilmington Sav. Fund Soc'y FSB*, No. 17-2288, 2018 WL 4469326, at *16 (M.D. Pa. Sept. 18, 2018). The Third Circuit has adopted this interpretation of the FCEUA and UTPCPL. *Kaymark*, 783 F.3d at 182.

As with her original complaint, Prukala's Amended Complaint fails to allege she justifiably relied on Chase's actions or omissions to her detriment. Prukala does not claim she altered her conduct as a result of Chase's actions or omissions. For this reason alone, Prukala's FCEUA claim fails as a matter of law.

Grasping at straws, Prukala alleges she suffered an "ascertainable loss" through "repeated disruption of the pursuit of any business affairs affected by the false, unverified information on her credit report", as well as "emotional distress." *See* Am. Compl. ¶ 49. In alleged support of the proposition that such purported loss constitutes an ascertainable loss under FCEUA and the UTPCPL, Prukala cites

11

*Miller v. American Family Publishers*, a New Jersey Superior Court decision, to argue "there is no determinable difference between actual loss and ascertainable loss." *See Id.* (citing *Miller*, 663 A.2d 643, 655 n.10 (N.J. Super. 1995). *Miller* is not binding on this Court and, more critically, *Miller* analyzed the definition of "ascertainable loss" with respect to the New Jersey Consumer Fraud Act. *See Miller*, 663 A.2d at 654-55. Prukala has raised claims under an entirely different statute, and it is well settled under the Pennsylvania statute at issue here that a plaintiff must specifically allege she lost money or property as a result of the defendant's actions.

Naked assertions of "emotional distress" and "disruption of business affairs" do not constitute "ascertainable loss" as required by the UTPCPL, and in turn under FCEUA. The plaintiffs in *Miller* specifically alleged that they relied on the defendant's misleading sales material when they purchased magazine subscriptions, believing they would receive a magazine subscription plus the ability to remain part of the defendant's sweepstakes, but allegedly did not receive the latter. *Id.* Prukala has not alleged the type of loss identified by the plaintiffs in *Miller*.

In short, Prukala has failed to allege any facts which demonstrate she suffered any ascertainable loss resulting from a justifiable reliance on Chase's alleged conduct. Prukala also has not pled *any actions* she has taken to her

detriment in reliance on Chase's alleged conduct. Rather, Prukala makes overarching and broad allegations regarding "damages" suffered by her without specifying the money or property lost as required by the statute. Prukala's failure to plead such basic elements under the UTPCPL mandates dismissal of her FCEUA claim.

## VI. CONCLUSION

For all of the foregoing reasons, Plaintiff's Amended Complaint should be dismissed with prejudice.

### Certification Pursuant To Local Rule 7.8

I certify that Defendant's Brief in Support of its Motion to Dismiss complies with Local Rule 7.8(b)(1) because the Brief does not exceed fifteen (15) pages in length.

Respectfully submitted,

Date: February 22, 2019

*/s/ Jenny N. Perkins* .
Jenny N. Perkins
perkinsj@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Attorneys for Defendant*
*Chase Bank USA, N.A.*

DMEAST #36838197 v1

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2019, I caused a true and correct copy of the foregoing Brief in Support of the Motion of Defendant Chase Bank USA, N.A. to Dismiss Plaintiff's Amended Complaint, to be served on the following attorney via the Court's ECF system, and such documents are available for viewing and downloading therefrom:

> Joseph T. Sucec, Esquire
> P.O. Box 317
> Grantham, PA 17027
> *Attorneys for Plaintiff*

*/s/ Jenny N. Perkins*
Jenny N. Perkins