IN THE UNITED STATES COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTINA PRUKALA                     :
    plaintiff                         :
    v.                                :  No. 3:19-CV-95-MEM
CHASE BANK                            :
270 Park Avenue                       :
New York, NY 10017                    :
and                                   :
JOHN DOES 1-10                        :
and                                   :
CORPORATIONS X,Y,Z.                   :
    defendant                         :  CIVIL ACTION - LAW
                                  :  CLASS ACTION
                                  :  JURY TRIAL DEMANDED

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR
DISMISSAL UNDER FEDERAL RULE 12(B)(6)

Joseph T. Sucec, Esq.
Attorney for Plaintiff
PO Box 317
Grantham, PA 17027
717-315-2359
joesucec@gmail.com
PA74482

Due Date: 3/8/19

**1**

## TABLE OF CONTENTS

TABLE OF CASES                                                              **2**

TABLE OF AUTHORITIES                                                        **4**

I       STATEMENT OF THE CASE                                              **5**

II      SUMMARY OF ARGUMENT                                               **5**

III     QUESTIONS PRESENTED                                               **7**

IV      STANDARD OF REVIEW                                                **7**

V       ARGUMENT                                                          **11**

1       Defendant's Status as a Debt Collector/non-.Debt Collector is Irrelevant   **11**

2       The statute(s) and the Complaint speak for themselves.            **12**

3       The FDCPA and the FCEUA may be pleaded in alternate counts, even in a class

action scenario.                                                          **14**

4       Plaintiff pleaded an "ascertainable loss: under the statute        **15**

VI      CONCLUSION                                                        **17**

VII     PRAYER FOR RELIEF                                                 **18**

VIII    WORD COUNT CERTIFICATION                                         **20**

IX      CERTIFICATE OF SERVICE                                           **21**

TABLE OF CASES

**Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)**       **8,10**

**Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)**     **8**

**Bell Atlantic Corp. v. Twombly, 550 US 544, 127 S.Ct. 1955 (2008)**      8,9,10,11

**Ashcroft v Iqbal, 556 U.S. 662 (2009)**      8,9,10,11

**Conley v. Gibson, 355 U.S. 41 (1957)**      9

**Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2D 90 (1974)**   10

**Swierkiewicz v. Sorema N. A., 534  U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2D 1 (2002).**      10

**Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. [308,] 323, 324, 127 S. Ct. 2499 (2007)**      10

**Arista Records, LLC v. Doe 3, 2008 U.S. Dist. LEXIS 99791 (D. Conn. Dec. 9, 2008)**

      11

**Creamer v. Monumental Properties Inc., 459 Pa. 450, 329 A.2d 812, 817 (1974)**

      13

**Piper v. Portnoff Law Associates, CIVIL ACTION NO. 03-2046., at *1 (E.D. Pa. Jul. 8, 2003)**      15

**Benner v. Bank of Am., N.A., 917 F. Supp. 2d 338, 360 (E.D. Pa. 2013)**      15

**Miller v. American Family Publishers, 284 N.J. Super. 67, 663 A.2d 643, 655 n. 10 (1995)**      16,17

**Salvati v. Deutsche Bank Nat. Trust Co., N.A., 2013 WL 1314777 (W.D.Pa. 2013)**

      16

**Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 399 (3d Cir.2004) 16**

**3**

**Young v. Dart**, 428 Pa.Super. 43, 630 A.2d 22, 26 (1993).                   **16**

**Gabriel v. O'Hara**, 368 Pa.Super. 383, 534 A.2d 488, 491 (1987)          **16-17**

**Bailets v. Pa. Turnpike Commission**, 126 MAP 2016, J-91-2017             **17**

TABLE OF AUTHORITIES

**Fair Debt Collection Practices Act. 15 U.S.C. § 1692 –1692p**     **5,6,7,12,13, 14,15,18**

**Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1 *et seq***   **5,6,7,12,13, 14,15,18**

**PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (73 P.S. §§201-1 – 201-9)**             **13,15,16,17,18**

**Federal Rule of Civil Procedure 12(b)(6)**                        **7.8,9,10**

**Federal Rule of Civil Procedure 8(a)**                              **9**

**Federal Rule of Civil Procedure 8(a)(2)**                          **10**

**5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE  & PROCEDURE § 1219, pp. 277–278 (3d ed. 2004 and Supp.2010).**                  **10**

**73 P.S. § 2270.4(b)**                                              **12,13**

**73 Pa. CS § 201-3**                                                **13**

**73 Pa. CS § 201-4**                                                **13**

**73 P.S. § 2270.5(a)**                                              **13,14**

**73 P.S. § 2270.5(c)**                                              **14**

**Federal Rule of Civil Procedure 23**                               **15**

**Pennsylvania's Whistleblower Law, 43 P.S. §§1421-1428**            **17**

I      STATEMENT OF THE CASE

On or about December 5, 2018, Plaintiff Christina Prukala filed suit in Lackawanna

County, Pennsylvania against Chase Bank, and thirteen unnamed defendants, alleging

multiple violations of the FDCPA (**Fair Debt Collection Practices Act, 15 U.S.C. §**

**1692 –1692p**), for failing to report or investigate a credit account disputed by Plaintiff as

such. Included was a count, under  Pennsylvania's Pennsylvania Fair Credit Extension

Uniformity Act, **73 P.S. §§ 2270.1 *et seq* ("FCEUA")**, which, among other things,

applies the FDCPA to creditors **(Electronic Case Record 1)**. Defendant Chase

subsequently removed the matter to this court **(ECF 1)** and filed a Motion to Dismiss

**(ECF 5)**, claiming Chase's non status as a "bill collector" and thereby exemption from

the FDCPA, and also attacking the Complaint based on the "ascertainable loss"

requirement of the FCEUA **(ECF 6)**. On or about February 8, 2019, well within the time

provided for response, Prukala filed an Amended Complaint **(ECF 9)**. On February 22,

2019, Macy's filed a second Motion to Dismiss **(ECF 12)**, with accompanying Brief

**(ECF 13).** This is Christina Prukala's Brief in Opposition.

II      SUMMARY OF ARGUMENT

Necessary elements removed, Defendant Chase Bank (Chase) uses approximately ten

pages of its Brief in Support for its argument; about half of which is spent arguing that,

because it is allegedly not a "Bill Collector," under the definitions of the FDCPA, it is

exempt from all of its provisions. The other half of Chase's Argument is devoted to whether Plaintiff can prove an "ascertainable loss" under the Pennsylvania statute.

Defendant's considerable use of hyperbole aside,  Chase tries to have its cake and eat it as well. The FCEUA was specifically written by the Pennsylvania legislature in order to provide protections and rights to debtors who were victims of behavior violative of either the FDCPA or the Fair Credit Reporting Act, but by a violator who would then hide behind the specific argument that they are somehow not a "debt collector."

Precedents (listed below) suggest that, not only can the FDCPA and the FCEUA be pleaded as alternate counts in a Complaint,  a Plaintiff can seek Class certification for same as well. Any Plaintiff is bound to the burden of necessarily proving his or her case, but a Complaint including both the Federal and Pennsylvania statutes at bar here is not necessary dismissed on those grounds alone.

As for Defendant's "ascertainable loss" attack, the inference is more disturbing. Proving damages is a necessary element of any civil case, but Defendant and others in its position, would seek to narrow the criteria for ascertainable loss to the point where the FCEUA is emasculated and rendered ineffective. While Plaintiff clearly met the criteria necessary for "ascertainable loss,"  Defendant's intent is clearly to chip away at the

statute and thwart the legislative intent behind the FCEUA; which is to protect the consumer from credit reporting abuses. For any court to accept Defendant's interpretation and to follow this suggested course is to effectively give license to continue the abuses that the FDCPA and the FCEUA are designed to proscribe. Instead of properly influencing the legislature to permit such abuses, Defendant and others like it are effectively asking the courts to complete this "end run" for them. Such was not the intent nor the purpose of the laws at bar in this case. Defendant's Motion must be dismissed.

III     QUESTIONS PRESENTED

A       Does Defendant's status as "not a bill collector" fail to exempt it from the provisions of the FCEUA?

**Suggested Answer:**                                                    **Yes**

B       Does Plaintiff meet the criteria for the "ascertainable loss" provision of the FCEUA?

**Suggested Answer:**                                                    **Yes**

IV     STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to **Federal Rule of Civil Procedure 12(b)(6)**, the court must "'accept all factual allegations as true, construe the complaint in the light

most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" **Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002))** (stating that this statement of the Rule 12(b)(6) standard remains acceptable following the U.S. Supreme Court's decision in **Bell Atlantic Corp. v. Twombly, 550 US 544, 127 S.Ct. 1955 (2008); see Phillips. at 231** (stating that **Twombly** does not undermine the principle that the court must accept all of plaintiff's allegations as true and draw all reasonable inferences therefrom).

Defendants rely on  **Ashcroft v Iqbal, 556 U.S. 662 (2009)**. In doing so they misunderstand that, to withstand a motion to dismiss under **Rule 12(b)(6)**, "'[f]actual allegations must be enough to raise a right to relief above the speculative level." **Phillips. at 234 (quoting Twombly, 127 S.Ct. at 1965)**. Thus, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element." **Phillips, at 234. (quoting Twombly, 127 S.Ct. at 1965)**; This standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements." **Phillips, at 234 (quoting Twombly, 127 S.Ct. At 1965)**.  Defendants would make any but the most obvious cases impossible to prove. Nevertheless, the standard is inclusive rather than exclusive.

In **Conley v. Gibson, 355 U.S. 41 (1957)**, the United States Supreme Court held  that "a complaint should not be dismissed" under **Federal Rule 12(b)(6)** "unless it appears beyond doubt that the plaintiff can prove no set of facts to support of his claims that would entitle him to relief." that "a complaint should not be dismissed" under **Federal Rule 12(b)(6)** "unless it appears beyond doubt that the plaintiff can prove no set of facts to support of his claims that would entitle him to relief." The court continued, such "fair notice" is developed sufficiently through nothing more than the "short and plain statement of the claim" that **(Federal) Rule (of Civil Procedure) 8(a)** requires," **Id at 47**

While **Twombly** and **Iqbal** allegedly "tighten" the standard to one of "plausibility," Defendant still fails to get past the post in its dismissal argument. Despite the sound-and-fury signified by Defendant in its brief, the elements of the case are straightforward:

1      Plaintiff initiated a dispute regarding his credit report, regarding derogatory information which Plaintiff deemed false.

2      Defendant, without explanation as to its opinions on frivolity or baselessness, categorically refused to even mark the account as disputed as required by the statute.

The attempt by Defendant to narrow the Federal pleading standard even farther than that

which Defendants allege of **<u>Twombly</u>** and **<u>Iqbal</u>**, ignores the entreaty in **<u>Phillips</u>** that, essentially, the Courts must take note of the context of a particular case and not apply a bright-line rule to interpreting whether a pleading meets muster under **Federal Rule 12(B)(6)**. **<u>Twombly</u>** and **<u>Iqbal</u>** are based on the "fair notice" provision of **Federal Rule 8(a)(2)**; essentially that a potential Defendant be given notice of that which is Complained of. **<u>Phillips</u>, at 232**.

The issue in a **12(B)(6)** Motion is not whether the Plaintiff will ultimately prevail on his claim, **see <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)**, but simply whether the Complaint is sufficient to cross the federal court's threshold, **see <u>Swierkiewicz v. Sorema N. A.</u>, 534  U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)**. Under the  Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory. **Federal Rule 8(a)(2)** generally requires only a plausible "short and plain" statement of the plaintiff's claim, not a complete exposition of his legal argument. **Also See 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE  & PROCEDURE § 1219, pp. 277–278 (3d ed. 2004 and Supp.2010)**. **Also see <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. [308,] 323, 324, 127 S. Ct. 2499 (2007).** (use of the "reasonable person" standard as a guideline for pleading.)

This leeway can, according to the Second Circuit, extend to use of the "upon information and belief" formulation in a Complaint. "The **Twombly** plausibility standard … does not prevent a plaintiff from pleading facts alleged 'upon information and belief' [1] where the facts are peculiarly within the possession and control of the defendant, or [2] where the belief is based on factual information that makes the inference of culpability plausible." **Arista Records, LLC v. Doe 3,** **2008 U.S. Dist. LEXIS 99791 (D. Conn. Dec. 9, 2008)**

In short, pleading at the Federal level (this matter originated in Pennsylvania state court) does not mean having to prove one's case in the drafting. The "plausibility" standard of **Twombly/Iqbal** does not require every finely crafted detail. The inference of culpability spoken of by the Second Circuit in **Arista Records** is more than present in this case.

V     ARGUMENT

1     Defendant's Status as a Debt Collector/non-.Debt Collector is Irrelevant

Regardless of Defendant's innuendo, based on Plaintiff's "description" of Defendant, and presuming that Defendant can prove that the account in question was for retail sales from Defendant to Plaintiff, Plaintiff concedes Defendant's status a "not a debt collector." That said, both Complaints in this case were pleaded including both the

**11**

FDCPA and the FCEUA; the latter was specifically intended to include creditors as well as debt collectors. The crux of Defendant's argument, in its Brief in Support, is its creditor status.

2      The statute(s) and the Complaint speak for themselves.

Paragraph 46 of the Amended Complaint reads:

46     Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, by attempting to collect the alleged debt in violation of the FCEUA. Defendant violated the FCEUA as to the Plaintiff.  Defendant's violations include, but are not limited to, violations of **73 P.S. § 2270.4(b)**, as evidenced by the following conduct:

A      The false representation of the character, amount or legal status of any debt;

B       Communicating or threatening to communicate to any person credit information which is known or should be known to be false, including the failure to communicate that a debt is disputed; and

C      using false representations and deceptive means to collect or attempt to collect a debt.

While any references or inferences in Count Three of both Complaints to bill/debt collectors are erroneous (Plaintiff concedes that a creditor collecting its own debt is not, as defined by the FDCPA, a "debt collector"), Plaintiff nevertheless cited (essentially verbatim) behavior violative of **73 PS 2270.4(b)**, which specifically proscribes behavior by creditors, a status not disputed by Defendant.

The UTPCPL (Unfair Trade Practices and Consumer Protection Law) prohibits any person from engaging in "[u]nfair methods of competition and unfair or deceptive acts or practices." **73 Pa. Stat. Ann. § 201-3**. The Act provides a non- exhaustive list of unfair trade practices that the Act specifically prohibits as well as a "catch all" provision which broadly prohibits "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." **Id. § 201-2(4)**. The Pennsylvania Supreme Court instructs that courts "construe [the UTPCPL] liberally to effect its object of preventing unfair or deceptive practices." **<u>Creamer v. Monumental Properties Inc.</u>, 459 Pa. 450, 329 A.2d 812, 817 (1974).**

A related law, the FCEUA, serves as Pennsylvania's analogue to the FDCPA, and specifically regulates unfair debt collection practices.. The UTPCPL provides a private right of action for FCEUA violations. **73 Pa.Stat.Ann. § 2270.5(a) ("If a debt collector**

**or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of ... the Unfair Trade Practices and Consumer Protection Law.")**. Accordingly, an FCEUA violation constitutes a UTPCPL violation, per se.

3    The FDCPA and the FCEUA may be pleaded in alternate counts, even in a class action scenario.

The FCEUA prohibits plaintiffs from recovering damages under both the state and federal consumer protection laws. **See 73 P.S. § 2270.5(c) ("Remedies available for violation of this act and the Fair Debt Collection Practices Act . . . shall not be cumulative, and debt collectors who violate this act and the Fair Debt Collection Practices Act shall not incur cumulative penalties.")**.  Since penalties sought are not cumulative, the counts offered in the complaint and others similar, are necessarily offered in the alternative to each other.

Although a plaintiff may not recover under both the state and federal laws, neither (The FDCPA nor the FCEUA)  bars a plaintiff from proceeding under both statutes before he or she chooses the state or federal remedy. Because the court may exercise supplemental jurisdiction over the state claim at this stage in the litigation, certification pursuant to the

state and federal claims is appropriate if the plaintiff fulfills the **Rule 23** requirements.

Therefore, there is no barrier to certifying a class pursuant to both the federal and state

consumer protection laws.  **Piper v. Portnoff Law Associates, CIVIL ACTION NO.**

**03-2046., at \*1 (E.D. Pa. Jul. 8, 2003)**

Although the plaintiff is unable to establish the exact number of class members who

suffered actual damages, it is not necessary for the plaintiff to make such a showing at

this stage in the litigation.  **Piper, at \*1**

In the present Amended Complaint, while Counts One, Two, Four and Five, are pleaded

regarding violations of the FDCPA, Count Three necessarily includes all of the same

violations as also violations of the FCEUA.

4       Plaintiff pleaded an "ascertainable loss: under the statute

To sustain a claim under the UTPCPL, a private plaintiff must allege ascertainable loss

by "point[ing] to money or property that he would have had but for the defendant's

fraudulent actions, **Benner v. Bank of Am., N.A., 917 F. Supp. 2d 338, 360 (E.D. Pa.**

**2013)**

At paragraph 49 of the Amended Complaint, Plaintiff pleads:

49     Further, Plaintiff suffered an ascertainable loss under the statute through repeated disruption of the pursuit of any business affairs affected by the false, unverified information on her credit report, as well as the emotional distress suffered from being the target of Defendant's collection activity, based on such false and/or unverified information. There is no determinable difference between actual loss and ascertainable loss **Miller v. American Family Publishers, 284 N.J. Super. 67, 663 A.2d 643, 655 n. 10 (1995)**

In **Salvati v. Deutsche Bank Nat. Trust Co., N.A., 2013 WL 1314777 (W.D.Pa. 2013)**, District Judge Schwab rejected the Plaintiff-homeowner's argument that inclusion of yet- to-be-incurred, and therefore unauthorized, attorneys' fees and other costs in an Act 91 Notice and a Foreclosure Complaint caused ascertainable loss,.

On the other hand, The UTPCPL does not provide a formula for calculation of "actual damages", and, as noted recently by the Third Circuit Court, the Pennsylvania Supreme Court has not to date interpreted this statutory term. **Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 399 (3d Cir.2004)**; **Young v. Dart, 428 Pa.Super. 43, 630 A.2d 22, 26 (1993)**. Case law does, however, make clear that the UTPCPL was meant to supplement — not to replace — common law remedies. **Gabriel v. O'Hara, 368**

Pa.Super. 383, 534 A.2d 488, 491 (1987)

Likewise, **Pennsylvania's Whistleblower Law, 43 P.S. §§1421-1428** expands the

definition of "actual damages" to non-economic categories, such as emotional distress.

**<u>Bailets v. Pa. Turnpike Commission</u>, 126 MAP 2016, J-91-2017 (Plaintiff recovered**

**$1.6 million for emotional distress)**.

While, admittedly, the Whistleblower Law and the UTPCPL are not coterminous, and

Pennsylvania courts have yet to take the same view as **<u>Miller</u>**, neither have said Courts

distinguished or rejected the determination.

In the present case, Plaintiff requests damages based on the efforts of a private

individual to obtain, investigate, and possibly litigate her credit information, and the

associated time and expense therein. Nebulous, possibly, but certainly also calculable, or

in the language of the statute, "ascertainable."

VI     CONCLUSION

The United States Congress enacted the FDCPA, and other statutes like it, in order to

protect the consumer from collection and credit reporting abuses. The "not a debt collector" loophole was, in Pennsylvania, so obvious, and essentially gave license to widespread violations of all of Federal consumer statutes. In 1977, the Pennsylvania legislature sought to address this problem with the FCEUA, which applied the Federal laws to creditors as well as debt collectors. Since then, the credit industry has sought to chip away at that protection, challenging, among other items, the "ascertainable loss" provision of the FCEUA and its parent law, the UTPCPL.  Instead of employing a legislative remedy to gain this license, which would necessarily entail an open, public, conversation, the credit industry chooses to seek its solution through the back door, or for that matter, any ingress in can find. This case is another example. The present Motion is against both the spirit and, as demonstrated by the foregoing, the letter of the laws related and the intent behind them. The present Motion should be dismissed.


VII    PRAYER FOR RELIEF


WHEREFORE, for the all the reasons foregoing, Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(B)(6) must itself be dismissed, and the case is requested to proceed.

Respectfully Submitted.


3/8/19                                    /s/ Joseph T. Sucec. Esq

                                          _____

VIII   WORD COUNT CERTIFCATION PURSUANT TO LOCAL RULE 7.8(B)(2)

I hereby certify that this Brief is within the word-count limit pursuant to Local Rule

7.8(B)(2). According to the word count tool of Libre Office (used to prepare this Brief),

this Brief, not including the Title Page or The Tables of Contents, Cases, and

Authorities, contains 2,958 words.

Date: 3/8/19

Respectfully submitted,

/s/ Joseph T. Sucec, Esq.

_____

Joseph T. Sucec, Esq.
Attorney for Plaintiff
PO Box 317
Grantham, PA 17027
717-315-2359
joesucec@gmail.com
PA74482

IX    CERTIFICATE OF SERVICE


I hereby certify that a true and correct copy of the foregoing Brief in Opposition was

served by both this Court's ECF system and by First-Class Mail on all counsel of record.


Date: 3/8/19

Respectfully submitted,

/s/ Joseph T. Sucec, Esq.

_____

Joseph T. Sucec, Esq.
Attorney for Plaintiff
joesucec@gmail.com
